ORIGINAL
RECEIVED
CLERK'S OFFICE
2010 MAR -8 AM 8:42
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA
2010 MAR -8 AM 8:49
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : **5:10-CV-094** |
| POLLARD AGENCY | : COMPLAINT |
| Defendant. | : JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Ms. Marian C. Lawson ("Lawson"), who was adversely affected by such practices. The defendant employer failed to provide Lawson with a reasonable accommodation and terminated her from her position as a Security Guard because of her religious beliefs in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Pollard Agency ( the "Defendant") has continuously been doing business in the State of Georgia and the City of Monticello and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer

2

engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Lawson filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 29, 2006, Defendant has engaged in unlawful employment practices at its Monticello, Georgia, facility in violation of Section 706(f)(1) and (3) of Title VII. 42 U.S.C. § 2000e-5(f)(1) and (3), by refusing to provide Lawson with a reasonable accommodation of her religious beliefs, and by terminating her because of her religious beliefs in violation of Title VII.

8. On or about December 29, 2006, Defendant hired Lawson as a Security Guard in Monticello, Georgia. Lawson reported to work with Defendant, wearing a headscarf to cover her hair, which is a sincerely held religious belief as required by her faith.

9. Defendant informed her that the headscarf was not part of the official uniform and reprimanded her for being out of uniform. Lawson informed Defendant that wearing the headscarf was part of her religious practice as a Mennonite Baptist.

3

10. Defendant informed Lawson that she would have to remove the headscarf or resign. Defendant failed to engage in the interactive process with Lawson to find a reasonable accommodation or otherwise consider any reasonable accommodations of her religious requirement.

11. Lawson reiterated to Defendant that she wore the headscarf for religious reasons. She refused to resign and informed Defendant that the headscarf did not interfere with her performing her duties.

12. On January 17, 2007, Defendant terminated Lawson because she continued to wear the headscarf and was out of uniform.

13. The effects of the practices complained of in paragraphs 7-12 above have been to deprive Lawson of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

14. The unlawful employment practices complained of in paragraphs 7-12 above were intentional.

15. The unlawful employment practices complained of in paragraphs 7-12 above were carried out with malice and/or reckless indifference to the federally protected rights of Lawson.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of religion by subjecting individuals who request reasonable accommodations for religious beliefs to adverse employment actions in violation of Title VII.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who request reasonable accommodations of their religious beliefs under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Lawson, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.   Order Defendant to make Lawson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Lawson by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Lawson punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

[Jury Trial Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

3/5/2010
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
Robert.dawkins@eeoc.gov

Chandra C. Davis
Trial Attorney
Georgia Bar No. 141801
Chandra.davis@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818