# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

*FILED*
*U.S. DISTRICT COURT*
*MIDDLE GEORGIA*

2010 MAY 19  AM 8: 03

~~Couston~~

*DEPUTY CLERK*

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 5:10-cv-094-HL |
| | ) | |
| POLLARD AGENCY, | ) ) | |
| Defendant. | ) ) | |

_____ )

## CONSENT DECREE

This action was instituted on March 8, 2010 by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against the Defendant Pollard Agency (the "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action.

In its Complaint, the Commission alleged that Defendant failed to provide Marian C. Lawson with a reasonable accommodation for her sincerely held religious belief that required that she wear a headscarf, and terminated her from her position as a security guard because of her religious beliefs in violation of Title VII. The Commission also sought make-whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief.

1

Defendant hereby denies that it violated Title VII as alleged in the Complaint, but hereby consents to the terms set forth in this Decree.

The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of Title VII. The parties want to conclude fully and finally all claims arising out of the charges of discrimination filed with the Commission by Marian C. Lawson and the Commission's Complaint. They enter into this Consent Decree to further the objectives of Title VII and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the Complaint filed herein occurred within the jurisdiction of the Middle District of Georgia, Macon Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED:

2

## I.    JURISDICTION AND VENUE

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

## II.    DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case, and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case.  Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

## III.    NON-DISCRIMINATION PROVISION

Defendant, including its officers, agents, managers and supervisors, shall exercise good faith in preventing religious discrimination against any individual employed by Defendant.

## IV.    NON-RETALIATION PROVISION

Defendant, including its officers, agents, managers and supervisors, shall exercise good faith in preventing unlawful retaliation against any person because that person is a beneficiary of this Consent Decree, or has provided information or assistance, or has

participated in any other manner, in any investigation or proceeding relating to this Consent Decree.

## V.   **INSTRUCTION TO MANAGEMENT**

Within thirty (30) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its Georgia facilities have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII.  All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.   **TRAINING**

During the term of this Consent Decree, Defendant shall hold one (1) training session, the cost of which is to be borne by Defendant, to be attended by every employee (non-supervisory and supervisory employees) assigned to its Georgia facilities on their rights and obligations arising under Title VII, including, but not limited to, Defendant's obligations under Title VII not to discriminate against any employee on the basis of religion.  The above referenced training shall be completed within ninety (90) days of the entry of this Consent Decree.

4

Defendant shall provide written certification to the Commission of training completed pursuant to this Section within fifteen (15) days following completion of training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, and the training topics. If written materials are utilized, the Commission shall be supplied with a copy of such materials.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII.   REPORTING REQUIREMENT

Every six (6) months for the duration of this Consent Decree, Defendant shall certify in writing to the Regional Attorney whether any person employed at Defendant's Georgia facilities has complained about religious discrimination. If an employee has so complained, then the summary report shall include the following information:

(a)   The date of the complaint or report;

(b)   The name of the person making the complaint or report;

(c)   The name and title of the person against whom the complaint or report was made;

(d)   The nature of the complaint or report;

(e)   The name and title of Defendant's official to whom the complaint or report was made;

5

(f)    A description of how the complaint or report was resolved by Defendant, including any personnel action(s) taken by Defendant in response to the complaint or report.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII.  NOTICES TO BE POSTED

Upon entry of this Consent Decree and continuing until the expiration date specified in Section X herein, Defendant shall keep posted a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee at the facilities shall have the opportunity to observe at least one such posting when at the facility.  Defendant will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify, within thirty (30) days of such date, that posting has been accomplished.

Defendant shall not withhold the right of the EEOC to enter upon its premises to monitor compliance with this Section.  Should the Notice become defaced, marred, or otherwise unreadable, Defendant will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

6

## IX.    CHARGING PARTY'S INDIVIDUAL RELIEF

Defendant, in settlement of all claims alleged by the Commission in its Complaint, shall pay Marian C. Lawson within ten (10) business days of the entry of this Consent Decree the gross amount of $26,556.00, less applicable taxes, withholdings, and other deductions required by law.   Defendant will make a second payment to Marian C. Lawson in the gross amount of $23,000.00 within 30 days of mailing the first payment. Within five (5) business days of issuing the checks to Marian C. Lawson, Defendant will mail copies of the checks to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## X.    TERM OF DECREE

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of thirty-six (36) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice.   For thirty-six (36) calendar months from the date of entry of this Consent Decree, in the event that either party reasonably believes that the obligations of the Decree have not been fulfilled by the opposing party, then such party may file an enforcement action with the Court to enforce the terms hereof.   At the expiration of the

7

thirty-six (36) month period, if no enforcement actions are pending with the Court, then the parties shall be foreclosed from seeking any further relief pursuant to this Decree.

### XI.   COMPLIANCE OFFICIAL

The Defendant has designated Bruce Pollard to be Defendant's Compliance Official who shall be responsible for Defendant's compliance with this Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing Defendant's compliance with the specific terms of this Consent Decree.

### XII.   PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process.  The Commission will notify, in writing by first class mail and facsimile, Defendant's Compliance Official if it has any reason to believe that any act or omission by Defendant is in violation of the Consent Decree.  Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney at the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report, the Commission concludes that the deficiency has not been satisfactorily cured by Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith

conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XIII.  <u>OTHER ACTIONS</u>

The Commission shall not commence or prosecute Defendant for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Marian C. Lawson's claims that she was discharged by Defendant due to religion in violation of Title VII, as embodied in EEOC Charge Number 410-2007-04055, which was filed with, and investigated by, the EEOC's Atlanta District Office.  This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII (or any other statutes enforced by the Commission) on any such charges. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII or the regulations promulgated pursuant thereto. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

9

## XIV.  COSTS AND ATTORNEYS FEES

The EEOC and Defendant shall each bear their own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

## BY CONSENT:

Counsel for Plaintiff:

s/Robert K. Dawkins
ROBERT K. DAWKINS
Georgia Bar Number: 076206
CHANDRA C. DAVIS
Georgia Bar Number: 141801

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia   30303
Telephone:    (404) 562-6818
Facsimile:    (404) 562-6905

Counsel for Defendant:

s/Dara L. DeHaven
Dara L. DeHaven
Georgia Bar No. 216250

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower,
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone:   404-881-1300
Facsimile:    404-870-1732

SO ORDERED this ___18th___ day of ___May___, 2010.

Hugh Lawson
United States Senior District Judge

Attachment A

## NOTICE

1. This notice is being posted as part of the remedy agreed to between The Pollard Agency and the Equal Employment Opportunity Commission in a Consent Decree filed in the United States District Court for the Middle District of Georgia, Macon Division, <u>EEOC v. Pollard Agency</u>, Civil Action Number 5:10-CV-00094-HL.

2. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability, or age with respect to hiring, firing, compensation, or other terms, conditions, or privileges of employment.

3. Federal Law also requires, in general, that an employer shall not retaliate or take any adverse action against an individual because s/he opposed practices that s/he believed were in violation of Title VII, the ADEA, or filed charges of discrimination or otherwise participated in the equal employment opportunity process.

4. Pollard Agency supports and will continue to comply with such Federal Law in all respects and will not take any action against an employee because of their sex, pregnant condition, race, color, religion, national origin, disability, or age, or because they have exercised their rights under the law.

5. Pollard Agency has taken corrective action and will continue such action as is consistent with the Consent Decree entered by the United States District Court, including the posting of this notice.

6. This notice will remain posted for thirty-six (36) months until _____ , 2013.


Signed this_____day of _____, 2010.

_____for The Pollard Agency.


*DO NOT REMOVE THIS NOTICE UNTIL
_____, 2013*

8488887.1 (OGLETREE)